## Commonwealth v. Shipp (No. 1)

*Stephen Teller*, District Attorney, for Commonwealth.

*Joseph Gale*, for defendant.

PINOLA, P. J., January 10, 1963.—In the transcript filed in the above case, defendant is charged with having on July 27, 1962, committed the crime of bribery (common law) by demanding of one Charles Wysocki the sum of $800 for a position as a teacher with the Nanticoke School Board.

Counsel for defendant contends that the provisions of the Public School Code supersede the crime of bribery at common law and the district attorney agrees.

We disagree with both counsel.

They have referred to sections 325 and 326 of the Public School Code of March 10, 1949, P. L. 30, 24 PS §§3-325, 3-326.

The first section makes it a crime for any person to promise to pay any sum of money in order to influence or secure the voting for another person as a teacher, etc., and section 326 prohibits any school director from accepting or receiving any money for voting for or against any appointment.

Defendant is not charged with accepting or receiving. He is charged with having solicited a bribe.

The only provision of the Public School Code governing solicitation is to be found in section 810, 24 PS § 8-810, which provides that any school director "who shall ask for or accept money . . . for his vote . . . in order to secure the recommendation, adoption, rejection, or purchase of any school books," etc., from any person, firm, association or corporation, is guilty of a misdemeanor.

Although it has been held that in the absence of express statute, the solicitation of a bribe without more by an officer is not criminal, there is also authority to

the effect that solicitation is an offense at common law independent of statute: 11 C. J. S. 858, Bribery, §7.

In Walsh v. People, 65 Ill. 58, 62, the court declared:

"According to the well established principles of the common law, the proposal to receive the bribe was an act which tended to the prejudice of the community; greatly outraged public decency; was in the highest degree injurious to the public morals; was a gross breach of official duty, and must therefore be regarded as a misdemeanor, for which the party is liable to indictment."

Accordingly, we enter the following

### Order

The motion to quash the transcript is denied and the district attorney is directed to present the case to the grand jury now sitting.